## Jeffries *v.* Uniontown Radial Street Railways Company.

*Evidence—Proof of execution of order.*

A person who presents to an auditor a written order for the payment of money out of a fund which the auditor is distributing, must prove the execution of the order under the rules of evidence applicable to other written instruments, if specific objection is made to the execution of the order. If such person fails to present such proof he has no standing to object to the order of distribution subsequently made.

Argued April 19, 1915. Appeal, No. 107, April T., 1915, by Citizens Title & Trust Company, from order of C. P. Fayette Co., March T., 1914, No. 187, dismissing exceptions to auditor's report in case of George B. Jeffries, et al., v. Uniontown Radial Street Railways Com-

pany.   Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Exceptions to report of James R. Cray, Esq., auditor. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Robinson & McKean,* for appellant.

*George B. Jeffries,* with him *George Patterson,* for appellees.

OPINION BY KEPHART, J., October 11, 1915:

The question presented by this record is not whether the appellees are entitled to a preference in the distribution of the fund by the auditor, but whether the appellant has brought itself within the record, so as to entitle it to object to such preference in the distribution made in the court below. We do not pass upon the propositions of law sustained by the auditor. It is unnecessary in the determination of this appeal.

The contest arose over the distribution of money due to a contractor, attached by creditors, and on the petition ordered into court for adjudication. This order was within the equitable power of the court: Knoll v. New York, Etc., Railway Co., 121 Pa. 467. A number of creditors presented claims before the auditor, among them were wage claims. To a part of this latter class, the auditor awarded the fund. This appellant presented an assignment antedating the wage claims. It was directed to the West Penn Railway Company. The company that contracted with the defendant in the attachment was the Uniontown Radial Railways Company. There was evidence, however, that the Uniontown Radial Railways Company was a subsidiary of the West Penn Railway Company, to which the order was directed, and that the estimate, on the back of which appellant's assignment

,was drawn, embraced work and material done for the subsidiary company and was received as an order against the subsidiary company. In all contests among creditors over a sum of money, the basis of the creditors' or assignees' claims, when objected to, must be fully made out. There is no proof here of the execution of the order, or that the persons giving the order intended it to operate as claimed by the appellant in this case. An order directing the assignor's debtor to pay to the assignee a certain sum of money, comes under the same rules of evidence applicable to other written instruments, and its execution must be proven unless that requirement is waived. A specific objection to this lack of proof was made. The order should not have been received in evidence and this appellant is therefore in no position to contest the scheme of distribution sustained by the court below.

The assignments of error are overruled and the decree affirmed.